Kent F. Larsen, Esq. (SBN 3463)
Christopher L. Benner, Esq. (SBN 8963)
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, NV 89134
Tel: (702) 252-5002; Fax: (702) 252-5006
kfl@slwlaw.com; clb@slwlaw.com
*Attorneys for Defendant Federal Home Loan
Mortgage Corporation, JPMorgan Chase Bank, N.A.,
California Reconveyance Company; and
Mortgage Electronic Registration Services, Inc.;*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WHITTINGTON HOLDINGS 1 LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSEPH H. WESTERFIELD; et al.,<br><br>　　　　Defendants,<br>and<br>FEDERAL HOUSING FINANCE AGENCY,<br><br>　　　　Intervenor. | CASE NO. 2:15-cv-00316-RFB-PAL<br><br>**FIRST STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　Counter-claimant,<br>and<br>FEDERAL HOUSING FINANCE AGENCY,<br><br>　　　　Intervenor<br>vs.<br><br>WHITTINGTON HOLDINGS 1 LLC; and EL PARQUE HOMEOWNERS ASSOCIATION,<br><br>　　　　Counter-defendants. | |

Whittington Holdings 1 LLC ("Whittington"), El Parque Homeowners Association (together with Whittington, "Plaintiffs"), Joseph H. Westerfield, Federal Home Loan Mortgage Corporation ("Freddie Mac"), JP Morgan Chase Bank, N.A. ("Chase") and Federal Housing

1

Finance Agency ("FHFA", and together with Freddie Mac, "Defendants") hereby stipulate as follows:

1. Whittington has served discovery requests—including requests for admissions, interrogatories, and requests for production of documents and things—on Defendants related to Freddie Mac's purchase of the loan secured by real property commonly known as 1800 Edmond St. Apt. 245, Las Vegas, NV 89146-0332 (the "Property").

2. The discovery requests seek information that Defendants contend is confidential and proprietary, including but not limited to (a) Freddie Mac's contracts, schedules, and other documents reflecting its purchase of mortgage loans and amendments thereto; and (b) other documents, materials, things, or information that reflect or otherwise disclose the terms governing Freddie Mac's purchase of loans secured by property sited in the State of Nevada. These documents, materials, and any information derived therefrom are hereinafter referred to as "Protected Materials." Freddie Mac believes that disclosure of the Protected Materials could irreparably harm Freddie Mac by, among other things, revealing its confidential business strategies and practices.

3. Defendants acknowledge Plaintiffs' and the Court's interest in analyzing these documents and materials. Plaintiffs acknowledge Defendants' interests in restricting disclosure of confidential information.

4. Freddie Mac will produce confidential materials responsive to Whittington's Third Request from its First Set of Requests for Production to Plaintiffs' outside counsel in electronic form subject to the conditions in this First Stipulated Protective Order Governing Discovery ("Protective Order").

   a. For information in documentary form, Freddie Mac will designate Protected Materials as such by stamping them as "CONFIDENTIAL."

    b.    For deposition transcripts and/or exhibits, Freddie Mac may designate any portion of the testimony as "CONFIDENTIAL" in writing on or before the later of: (i) thirty calendar days after receipt of the final transcript or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). The entire testimony shall be deemed to have been designated "CONFIDENTIAL" until the time within which the transcript may be designated "CONFIDENTIAL" or not has expired. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed "CONFIDENTIAL."

5.    Any party receiving Protected Materials (including those persons listed in paragraph 7) may not disclose the Protected Materials to anyone except in accordance with the terms of this Protective Order.

6.    Plaintiffs may at any time challenge the designation of any Protected Material on the grounds that it does not qualify for protection. Plaintiffs must do so in good faith and must begin the process by notifying the Defendants in writing of the challenge, setting forth in reasonable detail the reasons for the challenge and identifying the challenged Protected Material by Bates number.

    a.    If Defendants agree with Plaintiffs' challenge, they will promptly notify Plaintiffs that they are withdrawing or changing the designation.

    b.    If Defendants do not agree with Plaintiffs' challenge, Defendants and Plaintiffs shall, within ten calendar days after service of the written objections, meet and confer concerning the challenge.

    c.    If the parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process, Plaintiffs may seek relief from the Court in

accordance with its rules and procedures. Until the Court rules on the dispute, all parties shall continue to afford the Protected Material in question the level of protection to which it is entitled by its original designation.

7. The Protected Materials may be disclosed by the receiving party only to persons listed in (a)–(f) below:

   a. Counsel for the Plaintiffs (including both outside and in-house counsel), including their associates, staff and contract attorneys, clerks, and secretarial and clerical personnel;

   b. Plaintiffs' current officers, directors, and employees who are responsible for overseeing or assisting with this litigation;

   c. Any Court that has jurisdiction over this civil action (subject to the provisions of paragraph 8 below);

   d. Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

   e. Independent experts, advisers, or consultants who are assisting counsel in the prosecution or defense of the action (and their secretarial and clerical personnel); and,

   f. Bona fide potential and actual witnesses, who prepared or reviewed the Protected Materials contemporaneous with their preparation or distribution, or who have or purport to have knowledge of information contained within the Protected Materials, which was contemporaneously and lawfully acquired.

8. Such disclosures are authorized only to the extent necessary to prosecute or defend the claims and/or counterclaims in this action. Counsel for Plaintiffs shall maintain a list of all persons to whom the documents, to include any information contained in or derived from

them, have been disclosed, and the specific documents disclosed to each such person. However, in-house and outside counsel representing a party in this litigation, including associate attorneys, staff and contract attorneys, paralegals, secretaries, and clerical assistants, need not be identified on the foregoing list. Upon conclusion of this action in the District Court (whether by judgment, settlement, or otherwise), copies of the list shall be provided to a requesting party upon motion to the Court and the Court's determination that good cause exists. Upon a *prima facie* showing that an improper disclosure has been made, the Court on application may order the production of such lists before the termination of the action. Nothing in this protective order shall prevent outside counsel from providing legal advice to their clients provided that the advice does not reveal the substance of the Protected Materials.

9. Nothing in this Protective Order shall prevent any party from using excerpts of information from the Protected Materials in connection with any hearing, motion, brief, appeal, or other proceeding in this action. However, if any Party uses any part of the Protected Materials— to include information derived from the Protected Materials— protected by the instant order, whether at a single hearing, or in a single motion, brief, appeal or other proceeding in this action or at multiple hearings, or in a multiple motions, briefs, appeals or other proceedings, that material must be filed under seal. The party making the filing shall be responsible for filing the pleading or other paper ~~in a sealed envelope, with the word "Confidential" stamped on the envelope and the following statement shall be printed on the envelope: "This envelope contains information that has been designated Confidential pursuant to a Protective Order and may not be examined or copied except in compliance with that Order."~~

[Margin note: The parties shall comply with LR IA 10-5.]

10. Nothing in this Protective Order shall prevent the use in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to the provisions herein. Any court hearing which refers to or describes information filed under seal in accordance with this Protective Order, in the Court's discretion, may be held *in camera*. Any party desiring that hearings or any portion thereof be held *in camera*, or that the trial or any portion thereof be conducted in camera, may make a separate motion requesting such treatment.

11. If any person receiving the Protected Materials or information that would reveal a material portion of the Protected Materials' content (the "Receiver") (a) is subpoenaed in another action; or (b) is served with a demand in another action to which he or she is a party; or (c) is served with any other legal process by one not a party to the Litigation, seeking the Protected Materials or information that would reveal a material portion of the Protected Materials' content, the Receiver shall give prompt written notice of such to Defendants and object to its production. Should the person seeking access to the information take further action against the Receiver to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Protective Order and give prompt written notice of such to Defendants and object to its production. Nothing herein shall require the Receiver to challenge or appeal any order requiring production of Protected Materials covered by this Protective Order, or to subject himself or herself to any penalties for non-compliance with any legal process or order, or to seek any relief from any court. No party shall oppose a producing party's efforts to challenge a subpoena, demand, or other legal process calling for the production of these Protected Materials or any material subject to this Protective Order.

12. Any inadvertent disclosure of the Protected Materials or any information contained in or derived from the Protected Materials by any party to this action to any other party, person or entity shall not be deemed a waiver of the confidentiality of the information contained therein. Any such inadvertently disclosed information shall be returned immediately to the disclosing party upon the discovery thereof. In the event such disclosure is to a non-party, the disclosing party must immediately demand return of the disclosed material and if the demand is rejected file a motion in the appropriate court to obtain an order directing return of the property, and in this action promptly submit a notice of such motion.

13. In agreeing to terms of this Protective Order, the Parties have not waived:

   a. any right to seek another order from the Court with regard to any document, information, or testimony, whether or not within the purview of this Protective Order;

   b. any right to take any other actions available to such party under law with regard to any invasion of privacy or breach of confidentiality; and

   c. any right to object to the admissibility of any document or testimony on any grounds.

14. Within ninety days of the conclusion of this action in the District Court (whether by judgment, settlement, or otherwise), the receiving party must destroy all copies of the Protected Materials and any information that could reasonably reveal a material portion of the Protected Materials' contents, and must so notify the Designating Party. Materials produced in this matter shall remain subject to this Protective Order notwithstanding the conclusion of the matter. A receiving party may retain one copy of the Protected Materials during the period within which an appeal may be filed pursuant to Fed. R. App. P. 4(a), and, in the event of an appeal, for the duration any period of the appeal, and if an appeal

results in remand to the district court, for the duration of the action in district court following remand.

15. Compliance with the terms of this Protective Order is not intended to, nor shall it:

    a. prejudice in any way the rights of any party to object to the production of documents or otherwise to object to the disclosure of information in any other discovery request it considers not subject to discovery;

    b. prejudice in any way the right of any party to seek a determination by the Court (i) whether particular discovery materials should be produced; or (ii) if produced, whether such material should be subject to the terms of this Protective Order;

    c. operate as a waiver of any claim or defense asserted by the Parties or of the right, if any, of any party to make any other type of objection, claim or other response.

16. The Court shall retain jurisdiction over the Parties for the purpose of enforcing the Protective Order.

17. This Protective Order may be executed in counterparts, each of which will be deemed original, and this S Protective Order shall become effective upon execution by all Parties hereto.

DATED this 10th day of May 2016.

**FENNEMORE CRAIG, P.C.**

By:  /s/ Leslie Bryan Hart
LESLIE BRYAN HART, ESQ.
Nevada Bar No. 4932
JOHN D. TENNERT, ESQ.
Nevada Bar No. 11728
300 E Second St, Suite 1510
Reno NV 89501
Telephone: (775) 788-2228
Facsimile: (775) 788-2229

DATED this 10th day of May 2016.

**ARNOLD & PORTER LLP**

 /s/ Michael A.F. Johnson
ASIM VARMA, ESQ.
Admitted Pro Hac Vice
HOWARD N. CAYNE, ESQ.
Admitted Pro Hac Vice
MICHAEL A.F. JOHNSON, ESQ.
Admitted Pro Hac Vice
601 Massachusetts Ave, NW
Washington, DC 20001-3743

| | |
|---|---|
| DATED this 10th day of May 2016. | DATED this 10th day of May 2016. |
| **THE BOURASSA LAW GROUP** | **SMITH LARSEN & WIXOM** |
| By: /s/ Trent L. Richards<br>MARK J. BOURASSA, ESQ.<br>Nevada Bar No. 7999<br>TRENT L. RICHARDS, ESQ.<br>Nevada Bar No. 11448<br>8668 Spring Mountain Rd., Suite 101<br>Las Vegas, Nevada 89117<br>Tel: (702) 851-2180<br>Fax: (702) 851-2189<br>*Attorneys for Plaintiff* | /s/ Christopher L. Benner<br>KENT F. LARSEN, ESQ.<br>Nevada Bar No. 3463<br>CHRISTOPHER L. BENNER, ESQ.<br>Nevada Bar No. 8963<br>1935 Village Center Circle<br>Las Vegas NV 89134<br>Telephone: (702) 252-5002<br>Facsimile: (702) 252-5006<br>*Attorneys for Defendant Federal Home Loan Mortgage Corporation, JPMorgan Chase Bank, N.A., California Reconveyance Company; and Mortgage Electronic Registration Services, Inc.;* |

## ORDER

It is hereby ORDERED that:

This Stipulated Protective Order (Dkt. No. 45 ) is entered as an order of this Court.

DATED this 12 day of May , 2016.

UNITED STATES MAGISTRATE JUDGE