UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WHITTINGTON HOLDINGS 1 LLC,<br><br>       Plaintiff,<br> v.<br>JOSEPH H. WESTERFIELD,<br><br>       Defendant. | Case No. 2:15-cv-00316-RFB-PAL<br><br>**ORDER** |

   Before the court is the parties' Stipulated Protective Order (Dkt. #45), which the court approved to facilitate the parties' discovery exchanges. This order is intended to remind counsel and the parties that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

   Although the Court approved the blanket protective order, the parties have not shown, and this Court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information under Rule 26(c) of the Federal Rules of Civil Procedure or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that parties seeking to maintain the confidentiality of documents attached to most non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana*, 447 F.3d at 1179–80; *but see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not the relief sought). Parties seeking to maintain the secrecy of documents attached to

1  dispositive motions must show compelling reasons sufficient to overcome the presumption of
2  public access. *Id*. If a sealing order is permitted, it must be narrowly tailored. *Press-Enterprise
3  Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). The sealing of entire
4  documents is improper when any confidential information can be redacted while leaving
5  meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*,
6  661 F.3d 417, 425 (9th Cir. 2011).

7  Under *Kamakana*, the party who designates documents as confidential must submit a
8  memorandum of points and authorities to the Court presenting articulable facts that identify the
9  interests in favor of the documents' continued secrecy and showing that these specific interests
10  outweigh the public's strong interest in transparency. Here, if an opposing party files a motion to
11  seal certain documents based on the parties' Stipulated Protective Order (Dkt. #58), the
12  *designating party* is required to file within 14 days an appropriate memorandum of points and
13  authorities making a particularized showing why the documents should remain under seal or why
14  the designating party should be allowed to file a redacted version. If the designating party fails
15  to timely comply with this Order, the motion to seal will be denied and the Clerk of the Court
16  will be directed to unseal the documents to make them available on the public docket.

17  In addition to *Kamakana*, the parties are required to follow the proper CM/ECF
18  procedures for any requests to seal judicial records. The Local Rules of Practice provide that the
19  electronic record is the court's official record and require the Clerk of the Court to maintain the
20  official files all cases in electronic form. *See* D. Nev. LR IC 1-1 (amended May 1, 2016).
21  Pursuant to LR IA 10-5, attorneys must file documents under seal using the court's electronic
22  filing procedures:

23  Unless otherwise permitted by statute, rule, or prior court order, papers filed with
    the court under seal must be accompanied by a motion for leave to file those
24  documents under seal. If papers are filed under seal under prior court order, the
    papers must state on the first page, directly under the case number: "FILED
25  UNDER SEAL UNDER COURT ORDER (ECF No. ___). All papers filed under
    seal will remain sealed until the court either denies the motion to seal or enters an
26  order unsealing them.

27  *See* D. Nev. LR IA 10-5(a).

28  / / /

2

To streamline the process of sealing or unsealing documents as may be necessary, first, a party must file its underlying brief or motion. Second, the party files its motion to seal on the *public docket* without the confidential documents and "links" this motion to seal in CM/ECF to the underlying brief. *See* D. Nev. LR IC 2-2(d).[1] For example, if a party asks to seal exhibits pertaining to a motion to dismiss, the party would link the motion to seal in CM/ECF to the motion to dismiss it previously filed. Third, the party files the confidential documents *under seal* in CM/ECF as "Sealed Exhibit(s)" and links the sealed exhibit(s) to its motion to seal. To submit both a redacted brief on the public docket and unredacted brief under seal, the party will: (1) publically file the redacted brief; (2) publically file the motion to seal, linking it to the redacted brief; and (3) file the unredacted brief under seal as a "Sealed Exhibit," linking this sealed exhibit to its motion to seal.

Each document or exhibit that a party seeks to file under seal must be filed as a separate, searchable Portable Document Format (PDF). D. Nev. LR IC 2-2(a), LR IA 10-3. When portions of a filing may be sealed, litigants must not combine their motion to seal, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen. D. Nev. LR IC 2-2(a)(3)(A). This practice makes it impossible for the Clerk of the Court to unseal specific documents the Court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes. *See* D. Nev. LR IA 10-5(b). Instead, the Local Rules require litigants to save *each* document or exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document. The shortcut of filing only one PDF inevitably causes additional work for the Court, the clerk's office, and litigants. Should leave to file under seal be granted for some but not all documents, the Court must then order litigants to refile the unsealed documents, rather than simply

---

[1] If the motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal with the sealed exhibits. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific references to confidential information.

1  instructing the clerk's office to unseal the documents the Court has found should not remain
2  sealed.
3        The Court's review of any motion requesting leave to file under seal will be complicated
4  by the parties' failure to properly file their exhibits through CM/ECF.  Counsel are responsible
5  for instructing their staff regarding the correct procedures for filing under seal.  The parties are
6  encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have
7  any technical questions.  For additional direction, the parties may also refer to the updated
8  procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the
9  Court's website.
10       Accordingly,
11 **IT IS ORDERED** that, with respect to filing documents under seal, the parties must
12 comply with: (1) the Local Rules of Practice regarding electronic filing and filing under seal, (2)
13 the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th
14 Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016),
15 and (3) the CM/ECF filing instructions stated herein.
16       Dated this 12th day of May, 2016.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE