# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WHITTINGTON HOLDINGS 1 LLC | Case No. 2:15-cv-00316-RFB-BNW |
| Plaintiff(s), | **ORDER** |
| v. | |
| JOSEPH H. WESTERFIELD; DENISE R. WESTERFIELD; EL PARQUE HOMEOWNERS ASSOCIATION; SECURED FUNDING CORPORATION; TRUSTEE SERVICES INC.; CALIFORNIA RECONVEYANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, LLC; FEDERAL HOME LOAN MORTGAGE CORPORATION; and COLDWELL BANKER PREMIER REALTY | |
| Defendants. | |
| and | |
| FEDERAL HOUSING FINANCE AGENCY, as Intervenor-Defendant for Federal Home Loan Mortgage Corporation, | |
| AND ALL RELATED COUNTERACTIONS, | |

### I. INTRODUCTION

Before the Court are Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Intervenor-Defendant Federal Housing Finance Agency's ("FHFA") and Plaintiff

Whittington Holdings 1 LLC's ("Whittington") competing Motions for Summary Judgment. ECF Nos, 72, 75. For the following reasons, the Court grants Freddie Mac and FHFA's Motion for Summary Judgment and denies Whittington's motion.

## II. PROCEDURAL BACKGROUND

Whittington initially filed its complaint against Defendants Joseph H. Westerfield, Denise R. Westerfield, El Parque Homeowners Association, Secured Funding Corporation, Trustee Services Inc., California Reconveyance Company, Mortgage Electration(sic) Systems Inc., JP Morgan Chase Bank National Association, Chase Home Finance LLC, Cooper Castle Law Firm LLP, Freddie Mac, Coldwell Banker Premier Realty, City of Las Vegas Sewer, in the Eighth Judicial District Court of Clark County on or about March 6, 2014. ECF No.1-3. In that complaint, Whittington asserted claims for injunctive and declaratory relief, quiet title, slander of title, trespass of real property, respondeat superior and negligence. Defendant Freddie Mac removed the case to federal court on February 23, 2015. ECF No. 1. On March 17, 2015, Whittington voluntarily dismissed its claims without prejudice against Defendant El Parque Homeowners Association, which the Court so-ordered the following day. ECF Nos. 10, 11. On May 4, 2015, the Court granted FHFA's stipulation to intervene. ECF No. 21. FHFA filed its answer and asserted counterclaims against Whittington LLC. ECF No. 22. Whittington filed its answer to FHFA's counterclaims on May 19, 2015. ECF No. 24. Freddie Mac filed a motion for summary judgment on July 31, 2015. ECF No. 26. The Court denied the motion without prejudice on February 19, 2016. ECF No. 43. Freddie Mac and FHFA filed a second motion for summary judgment on July 29, 2016. ECF No. 60. The Court denied the motion and stayed proceedings pending pertinent cases on appeal from the Ninth Circuit and the Nevada Supreme Court. ECF No. 68. On April 8, 2019, the Court lifted the stay. ECF No. 70. On May 13, 2019, Whittington voluntarily dismissed

its claims against Secured Finding Corporation and Trustee Services Inc. ECF Nos. 73, 74. Freddie Mac and FHFA subsequently filed moved again for summary judgment. Whittington also moved for summary judgment. ECF Nos. 72, 75. Both motions have been fully briefed.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 1800 Edmond Street, Apt 245, Las Vegas, Nevada, 89146 (the "property"). The property sits in a community governed by the El Parque Homeowners Association (the "HOA"). The HOA requires its community members to pay HOA dues.

Nonparties Joseph and Denise Westerfield borrowed funds from Essential Mortgage Loan Services, Inc. to purchase the property in 2006. To obtain the loan, the Westerfields executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust listed Essential Mortgage Loan Services, Inc. as the lender and Mortgage Electronic Registration Systems ("MERS") as beneficiary and was recorded on December 18, 2006. On October 22, 2010, an assignment of deed of trust was recorded, whereby MERS assigned the deed of trust to Chase Home Finance, LLC. On May 15, 2013, MERS, as nominee for Lender and Lender's successors and assigns, recorded an assignment of the deed of trust to JP Morgan Chase ("Chase"). On February 14, 2014, Chase recorded an assignment of the Deed of Trust to Freddie

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Freddie Mac's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide ); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

Mac. On February 20, 2014 a Trustee's Deed Upon Sale was recorded showing that Freddie Mac purchased the Property at a February 13, 2014 public auction for $73, 436.51. FHFA did not affirmatively consent to the HOA sale extinguishing or foreclosing Freddie Mac's interest.

The Westerfields fell behind on their HOA payments. On May 18, 2012 Alessi & Koenig, on behalf of the HOA, recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a notice of default and election to sell and a notice of trustee's sale against the property. On January 22, 2014, the HOA foreclosed on its lien and sold the property to Plaintiff Whittington, which purchased it for $12,000 per the foreclosure deed recorded on January 27, 2014.

While the parties dispute whether and when Freddie Mac purchased the loan and maintained an interest in the Property, the parties do not dispute the following general information about FHFA, Freddie Mac, and Freddie Mac's relationships with servicers.

The relationship between Freddie Mac and its servicers is governed by Freddie Mac 's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac 's demand. The Guide states:

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Freddie Mac. The Guide also includes a chapter

regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 9402.2 ("Routine and non-routine litigation"). But the Guide clarifies that the Servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset." Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"). 12 U.S.C. § 4511 *et seq*. HERA established the FHFA and gave it authority to oversee the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) as the enterprises' Conservator. In accordance with its authority, FHFA placed the Enterprises, including Freddie Mac, under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac 's interest in the property in this matter.

### b. Disputed Facts

The parties dispute the legal issue of whether Freddie Mac ever acquired an interest in the property under Nevada law, whether Chase was Freddie Mac's servicer during the time period at issue in this case, and whether the documents Freddie Mac has submitted are admissible evidence.

### IV. LEGAL STANDARD

### a. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.   DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovksy v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017). Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Freddie Mac had an interest in the property at the time of the HOA foreclosure sale.

The Court finds that Whittington has done no more than raise "metaphysical doubt" as to whether Freddie Mac lawfully acquired the loan. Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The Ninth Circuit has found that database records are admissible evidence to show that a government-sponsored-enterprise

acquired the loan. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426, 428 (9th Cir. 2017). The Ninth Circuit has also specifically found that the loan's funding date suffices to show that Freddie Mac had acquired ownership of the loan on or about that date. Elmer, 707 Fed. Appx at 428.

In this case, Freddie Mac provided printouts from its MIDAS system accompanied by a sworn declaration. The printouts show a funding date of January 10, 2007. The printout lists the correct borrower, correct date on or which the note was signed (December 11, 2006), and the same last four digits of the loan number. The Court finds this evidence sufficient to find that Freddie Mac acquired the loan on or around January 10, 2007.

Whittington makes much of the fact that there is a loan number on the note that is handwritten and argues that the signatures on the note are not authenticated. However promissory notes are commercial paper that is self-authenticating. Fed. R. Evid. 902(9); United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004), citing United States v. Carriger, 592 F.2d 312, 316 (6th Cir. 1979).

Whittington also argues that there are other loan numbers listed on the note that do not correspond to Freddie Mac's records. The Court does not find that these other numbers create any real doubt as to Freddie Mac's ownership of the loan. As previously mentioned, the records in Freddie Mac's database match the information contained on the note.

The Court also finds that Whittington has failed to show that there is any genuine dispute over the fact that Chase was Freddie Mac's servicer from September 16, 2007 until February 2014. Freddie Mac submitted records accompanied by a sworn declaration showing that JP Morgan Chase assumed servicing of the loan from Flagstar Capital Markets Corporation on or around September 16, 2007. While Whittington states that there is a discrepancy, Whittington fails to

pinpoint the discrepancy or produce any evidence controverting Freddie Mac's records accompanied by sworn declarations from a Freddie Mac and Chase employee respectively.

The Court also rejects Whittington's contention that because the October 22, 2010 deed of trust assigned both the promissory note and the deed of trust to Chase Home Finance, LLC, Freddie Mac no longer had an interest in the property. In <u>Berezovsky</u> the Ninth Circuit explicitly found that a government sponsored enterprise raising the federal foreclosure bar need not record its interest because "an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest . . . because the note owner can direct the beneficiary to foreclose on its behalf." 869 F.3d at 932. This Court has found that Chase was the servicer of Freddie Mac's loan from September 16, 2007. This means that Chase and Freddie Mac had a principal-agent relationship such that Freddie Mac could direct Chase to foreclose on the loan. Additionally, under the recordation statute in effect at the time that Freddie Mac acquired the loan in 2007, there was no recording requirement for an assignee of a mortgage to enforce its interest. <u>SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC</u>, 432 P.3d 718 (Nev. 2018). It is therefore immaterial whether Freddie Mac's interest was recorded or that the October 2010 deed assigned both the promissory note and the deed of trust to Chase Home Financial LLC, as Chase served as Freddie Mac's agent during this time period.

Finally, the Court does not find there to be any evidence in the record that FHFA affirmatively consented to the sale. The Ninth Circuit is clear in its construing of 12 U.S.C. § 4617j(3) that it does not provide for implied consent to foreclosure sales. <u>Berezovsky</u>, 869 F.3d at 929 ("The Federal Foreclosure Bar does not require [FHFA] to actively resist foreclosure."). Whittington urges the Court not to take judicial notice of FHFA's Statement on HOA Super-Priority Lien Foreclosures, which Whittington correctly notes is dated after the HOA foreclosure

sale occurred in this case. But the Court need not take judicial notice of the FHFA Statement to reach its decision. Whittington has submitted no evidence to indicate that FHFA actively, affirmatively consented to the HOA foreclosure.

## VI.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Freddie Mac and Intervenor-Defendant FHFA's motion for summary judgment (ECF No. 72) is GRANTED. The Court quiets title and finds that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would otherwise permit foreclosure of the HOA Lien, that the HOA sale did not extinguish Freddie Mac's interest in the Property, and that any interest Whittington has in the property is subject to Freddie Mac's Deed of Trust. The Court also finds that, pursuant to the February 13, 2014 foreclosure under Freddie Mac's Deed of Trust, Freddie Mac became the title owner of the Property on that date.

**IT IS FURTHER ORDERED** that Plaintiff Whittington's Motion for Summary Judgment is DENIED (ECF No. 75). Plaintiffs must either seek entry of default as against all remaining defendants who have not yet appeared in this action within thirty days of the date of this order, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, or voluntarily dismiss its claims against them pursuant to Rule 41.  Fed. R. Civ. P. 55(a); 41(a).

The Clerk of the Court is instructed to enter judgment in favor of Defendant Freddie Mac and Intervenor-Defendant FHFA.

DATED: <u>November 12, 2019</u>.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE